IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 02-cr-30145-02 |
| STEVE JONES, | ) |
| Defendant. | ) |

## ORDER ON JULY 2018 "DEMAND FOR IMMEDIATE RELEASE"

REAGAN, Chief Judge:

Steve Jones was one of four defendants charged with narcotics and weapons offenses in the above-captioned case before the Honorable William D. Stiehl, U.S. District Judge. Convicted at a jury trial in March 2005, Jones was sentenced by Judge Stiehl in September 2005. Judgment was entered in September 2005 (Docs. 228-229).

Jones appealed. In April 2007, the United States Court of Appeals for the Seventh Circuit dismissed the appeal. In April 2008, Jones filed a petition to vacate, set aside, or correct his sentence via 28 U.S.C. 2255 (Case No. 08-cv-0255-WDS). Judge Stiehl denied that petition in September 2011. Jones also sought sentence reduction in his criminal case under 18 U.S.C. 3582. Judge Stiehl denied that request, finding that Jones' status as a career offender precluded the requested relief (see Doc. 269). Jones again appealed. The Seventh Circuit affirmed (see Doc. 281).

Two years later, Jones filed a motion for "production of transcripts." Because Judge Stiehl had retired from the bench, the motion was reassigned to the undersigned District Judge who denied the transcript request (see Doc. 286). Four years passed.

On July 27, 2018, Jones filed a "Demand for Immediate Release" (Doc. 294). Jones asserts that his conviction and sentence resulted from a "violation of due process of law" such that they are "void" and must be set aside. More specifically, Jones claims that new evidence reveals that he was prosecuted on a superseding indictment that was never presented to a grand jury, and thus the judgment against him violates the due process guarantee of the Fifth Amendment to the United States Constitution (Doc. 294, p. 3). Jones asks for "immediate release from custody within 48 hours" (*id.*).

The Court **DENIES FOR LACK OF SUBJECT MATTER JURISDICTION** Jones' July 27, 2018 motion (Doc. 294). 28 U.S.C. 2255 authorizes a prisoner sentenced by a federal district court to move to vacate, set aside, or correct his sentence if, inter alia, he claims the right to be released on the ground that he was sentenced in violation of the United States Constitution or the court lacked jurisdiction to impose his sentence. Jones' motion attacks the validity of his conviction on the ground that it was imposed in violation of the federal Constitution. The motion is properly construed as a motion to vacate or set aside his sentence under 28 U.S.C. 2255, despite the label. *See, e.g., Melton v. United States,* **359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district**

**court that imposed the sentence, and substantively within the scope of § 2255 *is* a motion under § 2255, no matter what title the prisoner plasters on the cover.").**

Jones already filed one § 2255 petition, so he cannot again attack his conviction or sentence under § 2255 without securing prior authorization from the Seventh Circuit. *See* 28 U.S.C. 2255(h); *United States v. Boyd,* 591 F.3d 953, 957 (7th Cir. 2010) ("A district court has no jurisdiction to entertain a successive section 2255 motion without the consent of the court of appeals, here not sought or given…."); *Curry v. United States,* 507 F.3d 603, 604 (7th Cir. 2007) (if a prisoner's motion challenges the legality of his detention and seeks his release, such that the motion is "functionally a petition for habeas corpus or a motion under section 2255," it will be treated as such and if it is a *second or successive* post-conviction claim, "the district court will lack jurisdiction unless the prisoner has first obtained [the Court of Appeals'] permission to file it").

For these reasons, the Court **DENIES for lack of subject matter jurisdiction** Jones' July 27, 2018 motion for immediate release (Doc. 294).

IT IS SO ORDERED.

DATED July 31, 2018.

                                                          **s/ *Michael J. Reagan***
                                                          Michael J. Reagan
                                                          United States District Judge