IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>STEVE JONES,<br>Defendant. | Case No. 02–CR–30145–JPG–2 |

## MEMORANDUM & ORDER

Before the Court is Defendant Steve Jones's Motion to Reduce Sentence under Section 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. (ECF No. 296). The Government responded, (ECF Nos. 305, 313); and Jones replied, (ECF Nos. 306, 317). For the reasons below, the Court **DENIES** his Motion.

### I. PROCEDURAL & FACTUAL HISTORY

In 2005, the Court sentenced Jones to a 360-month term of imprisonment after he (1) conspired to distribute 50 grams or more of crack in violation of 21 U.S.C. § 841(b)(1)(A), and (2) sold a firearm to a known felon in violation of 18 U.S.C. § 922(d)(1). (Am. J. at 1–2, ECF No. 230). The total relevant conduct involved over 500 grams of crack; and at the time, § 841(b)(1)(A) established a 10-year mandatory minimum. (*See* Presentence Investigation Report at 5, 8, ECF No. 226) [hereinafter "PSR"]. Because Jones was a career offender (along with other aggravating factors discussed below), the Court determined that he was in criminal history category VI with a sentencing range of 360-months-to-life imprisonment. (*See id.* at 15).

Then, "[i]n 2018, Congress passed the First Step Act to address the disparities between sentences for crack and powder cocaine." *See United States v. Shaw*, 957 F.3d 734, 735 (7th Cir. 2020). "More specifically, if a defendant was convicted of a crack-cocaine offense that was later

modified by the Fair Sentencing Act, he or she is eligible to have a court consider whether to reduce the previously imposed term of imprisonment." *Id.* For example, the Fair Sentencing Act modified "the statutory penalties for crack offenses by increasing the quantity of crack required for imprisonment[.]" *Id.* at 736.

> Drug-offense penalties under federal law depend in part on the weight and type of the drug at issue and in part on the defendant's prior convictions. For crack offenses committed before August 2010, the statutory penalties relating to imprisonment were the following:
>
> | Section 841 | Quantity | No prior offense | 1 prior offense | 2 prior offenses |
> |---|---|---|---|---|
> | (b)(1)(A) | > 50 grams | 10 years–life | 20 years–life | life |
> | (b)(1)(B) | > 5 grams | 5-40 years | 10 years–life | 10 years–life |
> | (b)(1)(C) | any | 0–20 years | 0–30 years | 0–30 years |
>
> In 2010, Congress passed the Fair Sentencing Act. Section 2 of that Act, referred to in the First Step Act, changed the statutory penalties for crack offenses by increasing the quantity of crack required for imprisonment:
>
> | Section 841 | Quantity | No prior offense | 1 prior offense | 2 prior offenses |
> |---|---|---|---|---|
> | (b)(1)(A) | > 280 grams | 10 years–life | 20 years–life | life |
> | (b)(1)(B) | > 28 grams | 5-40 years | 10 years–life | 10 years–life |
> | (b)(1)(C) | any | 0–20 years | 0–30 years | 0–30 years |
>
> As the two charts illustrate, the Fair Sentencing Act changed the quantity that triggers certain penalties of imprisonment.

*Id.* at 736–37 (internal citations omitted). The First Step Act then applied these changes retroactively to defendants that committed a covered offense before August 3, 2010, the enactment date of the Fair Sentencing Act. *Id.* at 737.

Now, Jones contends that he is eligible for resentencing because he committed the crack offense before August 3, 2010, and the penalty for that crime was modified by the Fair Sentencing Act. (*See* Jones's Mot. for Reduction at 6–9).

## II. LEGAL STANDARD

"A judge considering a motion for a reduced sentence under the First Step Act is faced with two questions. First, *may* the court reduce the sentence? And second, *should* the court reduce the sentence? The first question, which concerns a defendant's eligibility for a sentence reduction, is governed by sections 404(a) and 404(c) of the First Step Act. If a defendant is eligible for a reduction, then a court 'may' impose a reduced sentence." *Shaw*, 957 F.3d at 739 (emphasis in original).

Like Jones, two of the defendants in *Shaw* were convicted under § 841(b)(1)(A) before August 3, 2010, and thus received the mandatory-minimum penalty when the trigger amount was still only 50 grams. *Id.* at 738. There too, the defendants' relevant conduct far exceeded the new trigger amount of 280 grams established by the Fair Sentencing Act. *Id.* Even so, the Seventh Circuit held that "the statute of conviction alone"—not the relevant conduct—"determines eligibility for First Step Act relief." *Id.* at 739. Conversely, the court rejected the Government's contention that trial judges should conduct "a fact-specific inquiry into the particular circumstances of the offense." *Id.* at 739. Rather, "whether an offense is covered simply depends on the statute under which a defendant was convicted." *Id.* So even though two defendants' relevant conduct exceeded the new trigger amount, they were still eligible for relief "because the

Fair Sentencing Act modified the penalties" under § 841(b)(1)(A). *Id.; e.g.*, *United States v. Bethany*, 975 F.3d 642, 651 (7th Cir. 2020).

Applying *Shaw* here, Jones is eligible for a sentence reduction. The underlying offense was committed before August 3, 2010; and the statute of conviction, § 841(b)(1)(A), was modified by the Fair Sentencing Act. That Jones's relevant conduct exceeds the new trigger amount does not affect his eligibility because only the statute of conviction matters.

Eligibility, however, "is simply the gateway to resentencing under the First Step Act . . . . The district court's discretion to grant or deny the request for a reduced sentence is the main event." *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020). "Given the complexities of sentencing, the adequacy of a court's reasons for imposing a sentence depends on 'the circumstances of the particular case.'" *Shaw*, 957 F.3d at 740 (quoting *Chavez-Mesa v. United States*, 138 S. Ct. 1959, 1965 (2018)). And the sentencing factors under 18 U.S.C. § 3553 provide a "familiar framework when assessing whether to impose a reduced sentence." *Id.* at 741. *But see id.* at 741 n.2 ("We leave for another day whether a court is *required* to take § 3553(a) into consideration.") (emphasis added). Generally, "[t]he judge need not address every factor 'in checklist fashion, explicitly articulating its conclusions regarding each one.'" *See United States v. Kappes*, 782 F.3d 828, 845 (7th Cir. 2015) (quoting *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008)). Rather, it is enough to "simply give an adequate statement of reasons, consistent with § 3553(a), for thinking" that a sentence reduction is—or is not—appropriate. *See Shannon*, 518 F.3d at 496; *see also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("[A] district court's discretion in this area—as in all sentencing matters—is broad.").

The § 3553(a) factors set forth these considerations:

    (1)    the nature and circumstances of the offense and the history and characteristic of the defendant;

    (2)    the need for the sentence imposed—

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)    to afford adequate deterrence to criminal conduct;

        (C)    to protect the public from further crimes of the defendant; and

        (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)    the kinds of sentences available;

    (4)    the kinds of sentence and the sentencing range established for—

        (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . or;

        (B)    in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . ;

    (5)    any pertinent policy statement—

        (A)    issued by the Sentencing Commission . . . ; and

        (B)    that . . . is in effect on the date the defendant is sentenced[;]

    (6)    the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

With that in mind, the § 3553(a) factors weigh against a sentence reduction here. Most federal appellate courts have concluded that "the First Step Act does not entitle a defendant to plenary resentencing." *See United States v. Concepcion*, — F.3d —, 2021 WL 960386, at *4–5 (1st Cir. Mar. 15, 2021) (collecting cases). Indeed, further briefing is unlikely to impact the Court's decision. According to the PSR, Jones was the leader of a drug-trafficking conspiracy **while incarcerated**. (PSR at 4). Jones, speaking "in either 'Pig Latin' or in code, . . . made arrangements for" a correctional officer to sell a semiautomatic pistol to a felon on parole for robbery. (*Id.*). He also arranged for the correctional officer and the parolee to obtain over 500 grams of crack from two individuals in Chicago. (*Id.* at 5). While the relevant conduct does not affect eligibility, it is properly considered as part of *the nature and circumstances of the offense*. So although the statute of conviction makes Jones eligible for relief under the First Step Act,ChenPwn93. On top of that, Jones perjured himself at trial and apparently ordered a hit on a confidential source. (*Id.* at 6). Finally, as alluded, Jones had a long criminal history before committing these offenses, including a 1989 conviction for **first-degree murder** when he shot and killed a bouncer working at a nightclub with a shotgun. (PSR at 11). For all that, the Court recognizes that Jones is "deeply sorry for the damage [his] action[s] [have] cause[d] others and their family members and society in general." (Jones's Suppl. at 1). The Court also acknowledges that Jones had an especially troubling upbringing that has manifested itself in "a longstanding and pervasive disregard for established rules and societal norms." (PSR at 14). But public safety is paramount: Given Jones's criminal history, the relevant conduct, the other circumstances of the offense, and the need to deter Jones *and others* from committing further crimes, the Court will exercise its discretion and deny relief. As the Government notes, Jones's criminal history would still result "in an advisory guidelines range of 324 to 405 months' imprisonment" if sentenced today. (Gov't's Second Resp. at 15).

— 7 —

Taking all these facts into account, the Court finds that the current sentence of 360 months remains sufficient, but not greater than necessary, to advance the purposes of punishment.

### III.   CONCLUSION

The Court **DENIES** Defendant Steve Jones's Motion to Reduce Sentence.

**IT IS SO ORDERED.**

**Dated: Monday, April 12, 2021**

<u>S/J. Phil Gilbert</u>
**J. PHIL GILBERT
UNITED STATES DISTRICT JUDGE**